**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID MURPHY, | Case No.: 2:21-cv-00092-JAD-DJA |
| Petitioner | |
| v. | **Order Granting Motion for Counsel and Directing Service of Petition** |
| CALVIN JOHNSON, et al., | [ECF Nos. 1, 1-2] |
| Respondents | |

Petitioner David Murphy has submitted a pro se 28 U.S.C. § 2254 petition for writ of habeas corpus to challenge several convictions including for murder and burglary.[1] Because he has paid the filing fee, I deny his application to proceed in forma pauperis as moot.[2] He also asks for court-appointed counsel.[3] Having reviewed the petition under Habeas Rule 4, I direct the Clerk of Court to docket it[4] and serve it on respondents. I also grant the motion to appoint counsel.

The decision to appoint counsel is generally discretionary,[5] but counsel must be appointed if the case is so complex that denial of counsel would amount to a denial of due

---

[1] See ECF No. 1-1.

[2] ECF Nos. 1, 5.

[3] ECF No. 1-2.

[4] Because a petition for federal habeas corpus should include all claims for relief that the petitioner is aware of, failure to include such a claim in a petition may result in it being forever barred. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, preferably by filing a motion to amend his petition to add the claim.

[5] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984), cert. denied, 469 U.S. 838 (1984).

process, and when the petitioner has such limited education that he is incapable of fairly presenting his claims.[6] Here, I ordered Murphy to show cause and file proof to demonstrate that his federal petition was timely filed.[7] In light of his response to that order[8] and because Murphy is serving a lengthy sentence and some of the legal issues he wishes to raise related to his jury trial may be complex, I grant Murphy's request to appoint counsel.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed in forma pauperis **[ECF No. 1] is DENIED** as moot.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel **[ECF No. 1-2] is GRANTED**, and the Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner. The FPD has 30 days from the date of entry of this order to file a notice of appearance or to indicate to the court its inability to represent petitioner in these proceedings.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to**:

- **FILE** and **ELECTRONICALLY** serve the petition (ECF No. 1-1) on the respondents;
- ADD Aaron D. Ford, Nevada Attorney General, as counsel for respondents and provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only;
- Detach and file petitioner's motion for appointment of counsel (ECF No. 1-2);

---

[6] *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.3d 948 (8th Cir. 1970).
[7] ECF No. 6.
[8] ECF No. 7.

- Electronically serve the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 1-1).

IT IS FURTHER ORDERED that after counsel has appeared for petitioner in this case, the court will issue a scheduling order that will, among other things, set a deadline for the filing of an amended petition.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: October 12, 2021